**WETTRE et al. v. HAGUE et al.**

**Civ. A. No. 7076.**

United States District Court
D. Massachusetts.

Jan. 4, 1949.

See also, D.C., 74 F.Supp. 396; 1 Cir., 168 F.2d 825.

Joseph F. Dolan, of Boston, Mass., for plaintiffs.

H. G. Morison, Asst. Atty. Gen., of Washington, D. C., for defendants.

WYZANSKI, District Judge.

This is a suit by four veteran employees of the Boston Naval Shipyard seeking to restrain the Commandant and others from reducing three of them (Champoux, Quatromoni and Joy) in rank, grade and salary and from putting one of them (Atkinson) on a non-pay status as of February 6, 1948 and separating him from the service as of December 7, 1948. Each plaintiff seeks to have the Commandant's orders affecting him set aside as being in violation of § 4 of the Act of August 23, 1912, 37 Stat. 413, 5 U.S.C.A. § 648 and § 12 of the Veterans' Preference Act, 58 Stat. 390, 5 U.S.C.A. § 861. None of the plaintiffs in the complaint nor in his affidavit nor in any document filed in response to this Court's order of December 17, 1948 has disclosed at what rate he was being paid before the Commandant took his action or, except in the case of Atkinson, at what rate he has been paid since that time by the Navy or, in the case of Atkinson, by any other employer.

Defendants moved to dismiss on the ground, among others, that "plaintiffs have not alleged that as to each of them the amount in controversy equals or exceeds $3,000." After that motion this Court by its order of December 17, 1948 gave plaintiffs an opportunity to file affidavits showing that such amount was in controversy. Plaintiffs filed no affidavits.

There is no statute which gives this Court jurisdiction to hear this controversy if there is no showing that there is involved as to each plaintiff $3,000 exclusive of interest and costs. 28 U.S.C.A. § 1331. Insular Police Commission v. Lopez, 1 Cir., 160 F.2d 673, 677. Hence the order of this Court must be

Complaint dismissed for lack of jurisdiction.