**Janice MALONEY**

v.

**GESCO INTERNATIONAL, INC.**

**No. 90 C 5849.**

United States District Court,
N.D. Illinois, E.D.

Nov. 13, 1990.

John K. Kneafsey, Nisen & Elliott, Chicago, Ill., for plaintiff.

Theodore W. Grippo, Jr., Roy T. Simmons, Schuyler, Roche & Zwirner, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This case concerns two parties involved in a franchise relationship. Plaintiff Janice Maloney, an individual d/b/a Service Medical, and Janice Maloney as Special Administrator of the Estate of James Maloney ("Service") filed a complaint and a motion for a temporary restraining order in state court on September 28, 1990. Plaintiff sought to bar defendant Gesco International, Inc. ("Gesco") from terminating its franchise agreement with Service and from selling franchise or distributorship rights to other entities. Plaintiff's motion for a temporary restraining order was granted, but the order expired by its terms ten days later. Gesco removed the action to federal court on October 9, 1990. Plaintiff now moves to remand this case.

Gesco removed this case under 28 U.S.C. § 1441, citing original jurisdiction as set out in 28 U.S.C. § 1332. Under § 1332, a federal district court has original jurisdiction over a civil action if the matter is between citizens of different states and the amount in controversy exceeds $50,000, exclusive of interest and costs. While the parties in this case are citizens of different states, the amount in controversy does not exceed $50,000. Therefore, the case is remanded to state court.

The amount in controversy in an equitable action can be determined by referring to the "pecuniary result to either party which the judgment would directly produce." *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 393 (7th Cir.1979) (quoting *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir.1940). The pleadings in this case do not set forth sufficient information to support a determination that the pecuniary result of the judgment to either party would exceed $50,000. The only mention of monetary value in the complaint is Service's reference to the increase in its sales of defendant Gesco's products from $89,652 in 1986, to a projected total of $185,000 in 1990. These sales figures does not adequately define the pecuniary result to either party. The dollar value of Service's sales of Gesco products does not necessarily describe the worth of the franchise agreement. For instance, other factors such as the costs incurred by Service may need to be factored into the value calculation. And, it is not possible from the four corners of the complaint to put a numerical value on the amount of money and hard work that Service has invested over the years to obtain customers for Gesco products. Further, Gesco has not provided information indicating how much it values the franchise. References by Gesco to Service's projected sales do not establish Gesco's gain in terminating the franchise agreement with Service. Gesco fails to give any figures to show the effect the judgment would have on its sales or profits. Gesco does nothing more than conclusory state that the amount in controversy exceeds $50,000.

A reading of the complaint shows that the action will require interpretation of state law. Neither the complaint on its face nor the subsequent motions show the amount in controversy to exceed $50,000. Plaintiff's motion to remand is granted.