## In re FIDELITY BANK TRUST FEE LITIGATION.

### No. 93–CV–0025.

United States District Court,
E.D. Pennsylvania.

Nov. 19, 1993.

Marguerite R. Goodman, Law Offices of Marguerite R. Goodman, Wynnewood, PA, Howard W. Harrison, Jr., Villanova, PA, for plaintiffs.

Stuart A. Law, Jr., John Chesney, Drinker, Biddle & Reath, Lawrence J. Fox, Robert V. Dell'Osa, Drinker, Biddle & Reath, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the motion of defendant First Fidelity Bank, N.A. Pennsylvania, to dismiss the consolidated complaint of plaintiffs Alfred B. Lewis, Jr., Alfred B. Lewis, III and H. Gibson Henry,[1] pursuant to Rules 12(b)(1), 12(b)(6), 12(b)(7) and 12(h)(3) of the Federal Rules of Civil Proce-

---

1. Subsequent to defendant bringing this motion to dismiss, plaintiff H. Gibson Henry voluntarily dismissed his claims against defendant on September 15, 1993.

·dure. Plaintiffs instituted the present action against defendant on behalf of themselves and a putative class of fiduciary account beneficiaries, claiming that they were beneficiaries of various trusts administered by defendant.[2] The basis of plaintiffs' complaint was that defendant was violating its fiduciary duties by charging unreasonable "sweep fees,"[3] and that this amounted to double-dipping, waste and mismanagement of the fiduciary assets.

In their complaint, plaintiffs invoked jurisdiction pursuant to 28 U.S.C. § 1331, § 1332 and § 1367. Plaintiffs alleged violations of the National Bank Act, 12 U.S.C. § 92a ("NBA"), as well as violations of its regulations, 12 C.F.R. § 9.15(a) (compensation of banks) and 12 C.F.R. § 9.18(b)(12) (collective investment). Plaintiffs also alleged violations of applicable Pennsylvania trust law, 20 Pa. C.S.A. § 7315.1, breach of contract and breach of fiduciary duty. Plaintiffs sought removal of defendant as the corporate fiduciary with respect to each fiduciary account, an injunction with respect to any future assessment of unreasonable sweep fees, as well as the return of all unreasonable sweep fees previously assessed against the accounts by defendant.

Defendant now seeks dismissal of the complaint for the following reasons. First, plaintiffs have failed to state a claim upon which relief can be granted because there is no private right of action under the NBA. Second, this Court lacks diversity jurisdiction because the amount in controversy does not exceed $50,000. Third, regardless of whether plaintiffs can satisfy the jurisdictional requirements, the probate exception deprives this Court of jurisdiction. Fourth, plaintiffs have failed to join an indispensable party in this case. Finally, defendant asserts that this Court should abstain from entertaining this action because its issues fall within the special expertise of the Orphan's Court Divi-

sion of the Pennsylvania Court of Common Pleas.

### Discussion

#### I. Diversity Jurisdiction

■ Defendant seeks dismissal of plaintiffs' complaint on the basis that this Court lacks diversity jurisdiction because the amount in controversy does not exceed $50,-000. Defendant claims that because plaintiffs are only seeking return of the excessive sweep fees, diversity jurisdiction is not met because the sweep fees charged to the trusts of each plaintiff does not amount to $50,000. Defendant provides evidence that since defendant began charging sweep fees, the total amount of sweep fees charged to the trust of plaintiff Alfred B. Lewis, Jr. does not exceed $10,000 to $15,000. It further provides evidence that plaintiff Alfred B. Lewis, III is not an income beneficiary of any trust administered by defendant.

On the contrary, plaintiffs argue that the amount in controversy is satisfied because it is the value of each individual trust which must be measured, rather than the amount of sweep fees assessed against each individual trust. Plaintiffs further provide evidence that the total value of the fiduciary account corpus of which plaintiffs are beneficiaries was $5,655,984.00 on July 15, 1993.

■■ In deciding a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction bears the burden of showing that the requirements for jurisdiction have been met. *Packard v. Provident Nat'l Bank*, 994 F.2d at 1045. In class actions, each member of the class must claim that the jurisdictional amount has been met. *Id.* (citing *Zahn v. Internat'l Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973)). Moreover, aggregation of claims is not allowed where each class member claims an individual injury, such as a unique

---

**2.** Although plaintiffs have filed a motion to certify the class, it has not yet been ruled upon pursuant to a stipulation between the parties that defendant will not file its response until after the present motion to dismiss has been decided.

**3.** "Sweep fees" are charges assessed by a bank for services provided to fiduciary accounts.

Generally, "[a] sweep service looks daily for idle cash and invests it in an interest-bearing vehicle until the cash is either invested long-term or distributed to the beneficiary." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1043 (3rd Cir. 1993), *cert. denied, Upp v. Mellon Bank, N.A.,* —— U.S. ——, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993).

amount, that in theory must be proved separately. *Packard,* 994 F.2d at 1050 n. 14.

It is clear in the present case that plaintiffs have not adequately sustained their burden of proof regarding the amount in controversy. This conclusion is evidenced by the similarity of this case to the facts in *Packard.* In *Packard,* plaintiffs brought a class action against the trustee of various trusts alleging that the sweep fees it charged were unreasonable and in violation of its fiduciary duty. Plaintiffs sought compensatory and punitive damages, and to enjoin the defendant from collecting any sweep fees in the future.

In determining that diversity jurisdiction was not satisfied because plaintiffs failed to meet the amount in controversy, the court first noted that nowhere in the complaint did plaintiff Upp or any other class member allege that they were entitled to more than $50,000 in compensatory damages. It further noted that the actual return of the sweep fees collected would only amount to approximately $4,000. Finally, the court concluded that punitive damages were not recoverable against a trustee under Pennsylvania law, therefore, the case must be dismissed for lack of jurisdiction.

Recently, *Packard* was followed by Judge Buckwalter in *In Re Corestates Trust Fee Litigation,* 837 F.Supp. 104 (E.D.Pa.1993). In *Corestates,* plaintiffs (whose claims were consolidated) sought the same remedies as the plaintiffs in *Packard* except that in *Corestates,* plaintiffs also sought removal of defendant as corporate fiduciary of the trusts. Judge Buckwalter dismissed the case for lack of diversity jurisdiction stating that *Packard* controlled this issue. *Corestates,* 837 F.Supp. at 108.

In the present case, as in *Packard,* plaintiffs have not alleged that each plaintiff can recover compensatory damages in excess of $50,000. Rather, the evidence shows that plaintiff Alfred B. Lewis, Jr. could only recover $15,000 at most should the sweep fees be returned to him.[4] Further, it is clear that

punitive damages cannot be recovered in this case. Thus, based on both *Packard* and *Corestates,* plaintiffs cannot satisfy the requisite jurisdictional amount.

Plaintiffs attempt to distinguish *Packard* by the fact that in *Packard,* plaintiffs did not seek removal of defendant as the corporate fiduciary. Plaintiffs claim that because they are seeking injunctive relief by removing defendant as corporate fiduciary, this case is inapposite, and as such, the amount in controversy is measured by the value of the property right which plaintiffs seek to have protected by injunction. Plaintiffs therefore claim it is the total amount of each trust that they seek to protect by removing defendant as corporate fiduciary.

■ It is settled law that in an action for injunctive relief, "the amount in controversy is measured by the value of the interest sought to be protected by the equitable relief requested." *Bryfogle v. Carvel Corp.,* 666 F.Supp. 730, 732 (E.D.Pa.1987) (citations omitted). Thus, the jurisdictional amount is measured on the basis of the property right which is being injured. *Weeks v. American Dredging Co.,* 451 F.Supp. 464, 466 (E.D.Pa. 1978). "[I]t is the value to plaintiff of conducting his business or personal affairs free from the activity sought to be enjoined that is the yardstick for measuring the amount in controversy." 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3708, at 143–44 (2nd ed. 1985). For instance, in *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), where plaintiff sought to enjoin the enforcement of allegedly unconstitutional state statutes regulating installment contracts, the court held that the value to be measured was the right to be free from the allegedly unconstitutional statute. The Supreme Court measured that value from any loss that would occur to plaintiff if the statute was enforced, and not from the total value of plaintiff's business, because the statutes did not completely prevent plaintiff from

---

4. While plaintiffs have plead in their complaint that Lewis, III, has standing to bring suit as a beneficiary, plaintiffs do not refute defendant's evidence that Lewis, III, is not a beneficiary of any trust administered by defendant. Given that plaintiffs have not provided any evidence that the sweep fees owed to Lewis, III are in excess of $50,000, plaintiffs have failed to sustain their burden.

operating his business. Likewise, in determining the jurisdictional amount in an action to prevent the continuing trespass on one's land, it is only the value to the part of land that will be destroyed without the injunction that is considered; the total value of the property is measured only if the entire value of plaintiff's property will be protected by the injunction. 14A C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure,* § 3702, at 41 (2nd ed. 1985); *see also Colony Coal & Coke Corp. v. Napier,* 28 F.Supp. 76 (D.Ky.1939).

No cases have considered the precise issue of whether the amount in controversy is determined by the value of the trust where plaintiff seeks removal of the trustee as corporate fiduciary.[5] However, based on the above principles, it is clear that we must measure the jurisdictional amount according to the value of the part of the trust that will be protected by the injunctive relief. As in *McNutt* and *Colony Coal,* it is not the *total* value of the trust plaintiffs seek to protect by the removal of defendant as corporate fiduciary, rather, they seek protection from the imposition of any excessive sweep fees that will be assessed against the trusts. While plaintiffs claim that "Defendant has already unlawfully extracted millions of dollars in the form of excessive sweep fees assessed against fiduciary accounts, and will continue indefinitely to extract unlawful fees from plaintiffs and the members of the Class," plaintiffs have made no showing or argument that this amount exceeds $50,000 for each plaintiff. Consolidated complaint, para. 39. From the record, the only evidence is that defendant has charged between $10,000 to $15,000 in sweep fees to plaintiff Lewis' trust. Thus, plaintiffs have not sustained their burden in proving that they have met the jurisdictional amount.

## II. Failure to state a claim upon which relief can be granted

 Defendant next argues that plaintiffs' federal question claim must be dismissed because there is no private right of action under section 92a of the NBA. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is the appropriate method in which to challenge the legal sufficiency of a claim. *See United States v. Marisol, Inc.,* 725 F.Supp. 833 (M.D.Pa.1989). In ruling upon a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir.1990). In so reviewing the pleadings and any materials of record, the court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom, construing them in the light most favorable to the non-moving party. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3rd Cir.1990); *Hough/Loew Assoc., Inc. v. CLX Realty Co.,* 760 F.Supp. 1141, 1142 (E.D.Pa.1991). A complaint is properly dismissed if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Ramson v. Marrazzo,* 848 F.2d 398, 401 (3rd Cir.1988).

Plaintiffs argue that they have stated a claim upon which relief can be granted because they have alleged violations of express duties imposed by authority of section 92a: 1) the duty imposed by implicit incorporation of local law (20 Pa.C.S.A. § 7315) into 12 C.F.R. § 9.15, to charge only reasonable compensation for sweeping; and 2) the duty set forth in 12 C.F.R. § 9.18(b)(12) to charge a fee for the management of a collective investment fund, which includes the sweep fee here at issue, that "shall not, when added to any other compensations charged ... exceed the total compensations which would have been charged ... if no assets ... had been invested in ... the fund." Moreover, plaintiffs argue that the right to bring their claims for violations of federal law arises

---

5. Although in *In Re Corestates* the plaintiffs also sought removal of defendant as corporate fiduciary, this argument apparently was not raised.

from the private right of action implied in section 92a(k) and section 93 of the NBA.

Section 92a gives national banks the right to act as trustees, executors, administrators or in any other fiduciary capacity through the grant of authority from the Comptroller of the Currency. 12 U.S.C. § 92a(a) (1989). The NBA was designed primarily to "place national banks on an equal competitive basis with state banks and trust companies in the states where the national bank is situated." *Blaney v. Florida Nat'l Bank*, 357 F.2d 27, 30 (5th Cir.1966). The Comptroller of the Currency has the authority to revoke the powers granted to a national bank under this section if it deems the bank is unlawfully exercising said powers or it has failed to comply with the requirements of section 92a. 12 U.S.C. 92a(k) (1989). Further, the Comptroller has the right to bring suit against the bank or any officer, director, employee or agent that violates the provisions of this chapter, as well as the right to assess and collect penalties and to promulgate regulations to establish procedures necessary to implement these rules. 12 U.S.C. § 93 (1989 & Supp.1993).

At the outset, we note that Judge Buckwalter recently decided this precise issue. In *In Re Corestates Trust Fee Litigation*, 837 F.Supp. 104 (E.D.Pa.1993), plaintiffs filed a consolidated complaint on behalf of themselves as well as a class alleging violations of defendant's breach of fiduciary duty under 12 U.S.C. § 92a for assessing unreasonable sweep fees against their trust accounts, as well as violations of 12 C.F.R. § 9.18(b)(12) and 12 C.F.R. § 9.15. Plaintiffs sought a refund of all sweep fees assessed against their trust accounts, an injunction against future sweep fees and regulatory compliance compensation, as well as removal of defendant as corporate fiduciary. In dismissing plaintiffs' complaint, Judge Buckwalter held that there was no private right of action under section 92a of the NBA, therefore, plaintiffs failed to state a claim upon which relief could be granted. As previously noted, the court also dismissed the complaint because of a lack of diversity jurisdiction under *Packard v. Provident Nat'l Bank*, 994 F.2d 1039 (3rd Cir.1993), *cert. denied, Upp v. Mel-*

*lon Bank, N.A.*, —— U.S. ——, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993).

In holding there was no private right of action under section 92a, Judge Buckwalter first noted that no specific private right of action could be gleaned from the language of section 92a itself or the regulations. Further, the only court which expressly addressed whether a private right of action existed under section 92a did not find one. *Blaney v. Florida Nat'l Bank*, 357 F.2d 27 (5th Cir.1966). That court specifically found that "since we are not dealing with broad, remedial social legislation, we feel justified in concluding that Congress intended regulatory controls to be exercised solely by the [Comptroller] without room or need for supplementary enforcement." *Blaney*, 357 F.2d at 30.

Next, Judge Buckwalter discussed the cases that have found private rights of action for other sections of the NBA through section 93. He noted that the scope of private causes of action through section 93 "has been narrowly construed." *In re Corestates*, 837 F.Supp. 104, 106–107 (E.D.Pa.1993). For instance, in *Harmsen v. Smith*, 542 F.2d 496 (9th Cir.1976), *cert. denied*, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983), the court limited the private cause of action through section 93 to apply only to violations by directors of any national banking association of only those sections which appeared in Chapter 2 of Title 12 of the United States Code. *In Re Corestates*, 837 F.Supp. at 107. Likewise, other courts "limited private causes of action under § 93 to breaches of specific duties enumerated in the National Bank Act." *Id.* (citing *Brown Leasing, Inc. v. FDIC*, 91–C–3729, 1993 WL 115552, at 2, 1993 U.S.Dist. LEXIS 3962, at 6 (N.D.Ill. March 24, 1993)); *Golar v. Daniels & Bell, Inc.*, 533 F.Supp. 1021, 1027 (S.D.N.Y.1982); *Thompson v. Kerr*, 555 F.Supp. 1090, 1097 (S.D.Ohio 1982). *See also Saker v. Community First Bank*, 87–3133, 1988 WL 4463, at 1–3, 1988 U.S.App. LEXIS 878, at 5–6 1988 U.S.App. LEXIS 878, at 5–6 (6th Cir.1988) ("Although courts have implied a private cause of action arising under section 93(a), the section does not create an independent cause of action in itself; rather, a plain-

tiff must also allege the violation of a specific substantive provision of the Act.").

Finally, noting that the court in *B.C. Recreational Indus. v. First Nat'l Bank*, 639 F.2d 828 (1st Cir.1981) found a private right of action under section 92a on the basis of *Harmsen* and *Chesbrough v. Woodworth*, 244 U.S. 72, 37 S.Ct. 579, 61 L.Ed. 1000 (1917) (finding a private cause of action for shareholders against a bank's directors under what is now 12 U.S.C. § 161), Judge Buckwalter distinguished the case on the basis that plaintiff alleged a violation of section 92a(a) by the bank for acting in a fiduciary capacity without a permit, and not a breach of fiduciary duty. *In Re Corestates*, 837 F.Supp. at 107. *See also Golar v. Daniels & Bell, Inc.*, 533 F.Supp. 1021, 1026–27 (S.D.N.Y.1982) ("I do not believe that any of these cases dictate the absolute availability of a private remedy for any violation of a Chapter 2 section of the National Bank Act. This is especially true in the instant case which essentially involves a breach of fiduciary duty by directors, an area traditionally regulated by state law.").

Judge Buckwalter then based his decision to dismiss the complaint on three factors. First, plaintiffs did not allege defendant violated any specific duty enumerated in section 92a, rather, they alleged violations of the regulations promulgated by the Comptroller. *In Re Corestates*, 837 F.Supp. at 107. Second, while plaintiffs did allege a breach of fiduciary duty under section 92a, a breach of fiduciary duty did not violate any of the express powers conferred by that section. *Id.* Finally, section 92a(k) already provided a remedy in the event of any violation of this section, namely, revocation of the powers granted to the bank by the Comptroller. *Id.* 837 F.Supp. at 107.

We find Judge Buckwalter's detailed decision to be applicable to the present case. In their complaint, plaintiffs state that defendant "is unlawfully exercising the fiduciary powers granted to it by the Comptroller of the Currency pursuant to 12 U.S.C. § 92a, and has breached its fiduciary duties and contractual duties to plaintiffs and members of the Class." Consolidated complaint, para.

33. Plaintiffs further claim that defendant's "imposition of sweep fees unrelated to its cost of providing the 'sweep' service and in excess of what would have been charged [to their] fiduciary accounts had their funds not been swept, is unlawful and in direct violation of 12 C.F.R. § 9.18(b)(12) and § 9.15." *Id.* at para. 25. Finally, plaintiffs allege that defendant's "imposition of an unreasonable sweep fee is in direct violation of 12 C.F.R. § 9.15 which requires that a national bank acting in a fiduciary capacity may only charge or deduct a reasonable compensation for its services." *Id.* at para. 27.

Plaintiffs have made the same allegations with respect to the breach of fiduciary duty in violation of section 92a and the exact same regulations at issue in *Corestates*. It is clear from a thorough reading of section 92a and the regulations, however, that a breach of fiduciary duty does not violate section 92a because, although banks get their authority to act as a fiduciary under section 92a, it is not a specific duty enumerated in the statute. Moreover, a careful reading of the complaint shows that plaintiffs have not alleged defendant violated any specific duty enumerated in section 92a, rather, they have simply alleged specific violations by defendant of the regulations. Thus, since there can be no violation of section 92a by a breach of fiduciary duty, there can be "no implied private right of action . . . from the regulations alone. Rather, the statute must be examined to determine if an implied private right of action can be found from the statute." *Smith v. Dearborn Financial Serv., Inc.*, 982 F.2d 976, 979 (6th Cir.1993); *In Re Corestates*, 837 F.Supp. at 107.

Nor can a private right of action be implied under the test enumerated in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).[6] *See Thompson v. Kerr*, 555 F.Supp. 1090, 1098 (S.D.Ohio 1982) ("it is very doubtful that *any* private right of action could be implied under the Act, if the leading case of *Cort* (citations omitted) and its progeny were applied."). Under *Cort*, courts look to the following factors to determine if a

---

**6.** Judge Buckwalter also found that there could be no private right of action under the *Cort* test.

*In Re Corestates*, 837 F.Supp. 108 (E.D.Pa.1993).

private right of action can be implied from a statute not expressly conferring one. First, the plaintiff must be one of the class for whose especial benefit the statute was enacted. Second, there must be an indication of legislative intent to create a private right of action. Third, a private right of action must be consistent with the legislative scheme. Fourth, if the cause of action was one that was traditionally relegated to state law, then it would be inappropriate to infer a cause of action based solely on federal law. *Cort v. Ash,* 422 U.S. 66, 78–79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975).

In the case at bar, there is no evidence that plaintiffs are of the class for whose especial benefit the Act was enacted. Rather, as previously stated, the purpose of the Act was to put national banks on equal footing with state banks. *See Blaney v. Florida Nat'l Bank,* 357 F.2d 27, 30 (5th Cir.1966). There is no indication from the language of the NBA that it was created in order to further the special interests of trust beneficiaries. Second, the legislative history is devoid of any intent to create or to deny a private right of action. "In fact, no court ever recognized a private right of action under the predecessor statutes to § 92a." *In Re Corestates,* 837 F.Supp. at 108 (citing *Blaney v. Florida Nat'l Bank,* 357 F.2d 27 (5th Cir.1966)). "To imply 'a private right of action on the basis of congressional silence is a hazardous enterprise, at best.'" *Corestates,* 837 F.Supp. at 108 (quoting *Touche Ross & Co. v. Redington,* 442 U.S. 560, 571, 99 S.Ct. 2479, 2486, 61 L.Ed.2d 82 (1979)). Third, given that the statute's underlying purpose is to place national banks on equal footing with state banks, and that the Comptroller has authority to supervise and regulate national banks under this statute, it is inconsistent with the legislative scheme to imply a private right of action under the statute. *See Corestates,* 837 F.Supp. at 108. Finally, the law of trusts is primarily an area which has been left to state law. *See Blaney,* 357 F.2d 27, 30 (5th Cir.1966) (stating the law of trusts is primarily a matter of state concern); *Corestates,* 837 F.Supp. at 108. Thus,

based on all four factors, we conclude there is no private right of action which can be implied under section 92a. As such, this Court lacks jurisdiction under 28 U.S.C. § 1331.

### III. Leave to amend

Plaintiffs have attached an amended consolidated complaint to their response to the motion to dismiss which purports to clarify plaintiffs' jurisdictional allegations pursuant to 28 U.S.C. § 1337, among other things. However, after careful review of the amended consolidated complaint, we decline to give plaintiffs leave to file it. Plaintiffs' new jurisdictional allegation simply states the NBA is an act regulating commerce under 28 U.S.C. § 1337. However, because plaintiffs allege the same violations of section 92a and the regulations, without any allegation of a violation of a specific duty enumerated under the NBA, plaintiffs fail to state a claim for which relief can be granted. As such, granting leave to file the amended consolidated complaint would be futile. *See Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d 874, 886 (3rd Cir.1992) (district court may refuse to grant leave where complaint fails to cure the jurisdictional defect); *Unger v. National Residents Matching Program,* 928 F.2d 1392, 1401 (3rd Cir.1991) (no error where district court declined to give leave to file amended complaint where it failed to state a cognizable claim).

### IV. Conclusion

Given that we have determined there is no diversity jurisdiction because plaintiffs have not satisfied the amount in controversy, and that there is no federal jurisdiction because there is no private right of action under section 92a of the NBA, we need not consider defendant's remaining arguments: that dismissal is warranted for failure to join an indispensable party, that the probate exception deprives this Court of jurisdiction or that this Court should abstain from hearing this case because of the special expertise of the Pennsylvania Orphan's Court.[7] More-

---

7. With regard to abstention, we note that the Third Circuit has indicated that abstention under

these circumstances would be proper. *See Pack-*

over, in light of our decision, we decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). An appropriate order follows.

### *ORDER*

AND NOW, this 19th day of November, 1993, upon consideration of the motion of defendant First Fidelity Bank, N.A. Pennsylvania, to dismiss the consolidated complaint, and all responses thereto, it is hereby ORDERED that:

1) defendant's motion is GRANTED and plaintiffs' consolidated complaint is DISMISSED;

2) leave to file plaintiffs' amended consolidated complaint is DENIED;

3) plaintiffs' motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure is DENIED as MOOT.

*ard v. Provident Nat'l Bank,* 994 F.2d 1039, 1044 n. 8 (3rd Cir.1993).