Ramona RODRIGUEZ, et al., Plaintiff,

v.

P.L. INDUSTRIES, INC., Defendant.

No. 99–1201 (JP).

United States District Court,
D.Puerto Rico.

May 25, 1999.

Nicolas Delgado Figueroa, San Juan, PR, for plaintiff.

Miguel Palou Sabater, McConnell Valdes, San Juan, PR, for defendant.

## OPINION & ORDER

PIERAS, Senior District Judge.

### I. INTRODUCTION

Before the Court is Defendant P.L. Industries Inc.'s ("P.L.") Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction and Memorandum in support thereof (docket No. 3); Plaintiffs' memorandum in opposition of Defendants' Mo-

tion to Dismiss (docket No. 5) and Defendant's reply to Plaintiffs' Memorandum in Opposition of Defendants' Motion to Dismiss (docket no. 12). Defendant argues that the Court is without jurisdiction in the instant case because Plaintiffs' Complaint fails to present any claim arising under the laws of the United States and does not meet the jurisdictional amount required to invoke diversity jurisdiction.

## II. BACKGROUND

Although Plaintiffs fail to narrate the relevant factual background with much specificity and clarity in their Complaint, the Court gathers that Plaintiffs are 232 employees from the towns of Las Marías and Mayagüez, Puerto Rico, who were laid off by P.L., a jean manufacturer with factories in Las Marías, Mayagüez, and Yauco.[1] Prior to their layoff, Plaintiffs allege that on February 6, 1998, Defendant discontinued its operation in its Yauco factory causing 387 employees to lose their jobs. At the time of the Yauco layoff, John D. Karcher, P.L.'s President, assured the Las Marías and Mayagüez employees that their jobs would not be affected. Notwithstanding Karcher's assurances, on October 21, 1998, P.L. notified the Las Marías and Mayagüez employees that they would be laid off, effective on December 21, 1998. According to Plaintiffs, their layoff was without just cause in contravention of Puerto Rico Law Number 80, P.R.Laws Ann. tit. 29 § 185 ("Law 80").

In view of this layoff, Plaintiffs file the Complaint in this case invoking the Court's diversity jurisdiction and jurisdiction under the WARN Act, 29 U.S.C. § 2101. The WARN Act requires that employers provide their employees with at least sixty days notice before closing a plant or engaging in a mass layoff. Regarding jurisdiction under the WARN Act, the Court notes that 29 U.S.C. § 2101 does not invest

the Court with jurisdiction. Rather, 28 U.S.C. § 1331 is the applicable jurisdictional statute, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, *laws*, or treaties of the United States." (emphasis added)

P.L. challenges the Court's jurisdiction on two grounds. First, P.L. argues that because the Complaint fails to include any allegation under the WARN Act and does not request any remedy under such act, the Court lacks "federal question" jurisdiction. P.L. states that the only cause of action raised by Plaintiffs is pursuant to Puerto Rico's Law 80, Puerto Rico's unjust dismissal action. Second, P.L. argues that Plaintiffs cannot invoke diversity jurisdiction because they do not seek more than $75,000 in damages, the jurisdictional amount required by 28 U.S.C. § 1332, and, more importantly, Plaintiffs' claims are separate and distinct, and as such, may not be aggregated to add up to the jurisdictional amount.

## III. DISCUSSION

### A. Standard Under Rule 12(b)(1).

Once a defendant files a Motion contesting the Court's subject matter jurisdiction under Rule 12(b)(1), the burden of of establishing jurisdiction falls on the plaintiff. *See Thomson v. Gaskill,* 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942). Therefore, if jurisdiction is premised on a federal question, the plaintiff must show that he has brought a claim arising under federal law. *See Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Moreover, if jurisdiction is premised on diversity of citizenship, the plaintiff must show complete diversity, and that his claim exceeds the jurisdictional minimum amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

---

1. The Complaint states in its first paragraph that Plaintiffs are "employees from the towns of Las Marías and Mayagüez" and later describes the lay offs of the Las Marías and

Mayagüez plants, the Court finds that the intention of the Complaint is to describe Plaintiffs not as residents of Las Marías and Mayagüez, but as employees of those plants.

## B. Federal Question Jurisdiction Under the WARN Act.

Plaintiffs do not specifically refute P.L.'s argument regarding the Court's lack of federal question jurisdiction under the WARN Act claim, but rather assert that "[b]oth, Act No. 80 and the WARN Act were enacted to protect employees from unfair labor practice [sic] by employers, and as such they both represent important policy, social and economic interests. The plaintiffs' claims are framed within the important policy interests that both acts seek to protect." (Mem. Opp'n Mot. Dismiss at 5).

It is a well established principle that federal courts are court of limited jurisdiction, and can only hear cases if both the Constitution and a statute vest them with jurisdiction. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Verlinden B.V. v. Central Bank of Nigeria*, 647 F.2d 320, 321 (2d Cir.1981) *rev'd on other grounds*, 461 U.S. 480, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983). Although the language regarding federal question jurisdiction in 28 U.S.C. § 1331 is almost identical to that of the Constitution, Courts have taken a much narrower view in interpreting federal question jurisdiction based on 28 U.S.C. § 1331 than under the Constitution. *See Verlinden* 461 U.S. at 494–95, 103 S.Ct. 1962. "[A] case arises under federal law if it is apparent from the face of the plaintiff's complaint either (1) that the plaintiff's cause of action was created by federal law; or (2) that the plaintiff's cause of action is based on state law, but a federal law that creates a cause of action is an essential component of the plaintiff's complaint." ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 5.2, p. 253–54 (2d ed.1994). Therefore, the Court must determine whether Plaintiffs have brought forth a claim under the federal WARN Act, or whether such act is an essential component of Plaintiff's Law 80 cause of action.

■ Plaintiffs sole reference to the WARN Act in their Complaint is that the WARN Act prohibits employers from closing a plant or engaging in a mass layoff until the end of a sixty-day period after the employer serves written notice of such an order to every employee, and that failure to comply will the act will result in back pay for each day of delayed notice. Besides this reference, Plaintiffs do not aver that P.L. failed to provide them with a written notice at least sixty days before the layoff, but rather the Complaint appears to allege the contrary. P.L. announced in October 21, 1998 that the layoff would be effective on December 21, 1998, sixty days later. (Compl. at ¶ 13). Moreover, Plaintiffs fail to provide the Court with any reason why their cause of action under Law 80 hinges on any interpretation of the WARN Act, or any other federal statute. Thus, because Plaintiffs have not brought forth a claim under the **WARN** Act or any other federal claim, the Court hereby **GRANTS** P.L.'s Motion to Dismiss for lack of subject matter jurisdiction as it relates to the issue of federal question jurisdiction.

## C. Jurisdictional Amount

Section 1332 of Title 28 of the United States Code governs diversity jurisdiction stating that federal courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different states." Defendants do not question the Court's jurisdiction on the requirement of complete diversity, but assert that the amount in controversy does not exceed $75,000. Plaintiffs argue that even though none of them has an individual claim which meets the jurisdictional amount of $75,000, the sum of their individual claims surpasses that amount. More importantly, Plaintiffs argue that their claims should be aggregated because "the right to be determined by this ...

Court is a single, common and undivided one in which all claims depends [sic]" (Mem. Opp'n Mot. Dismiss at 3).

 The general rule is that plaintiffs invoking diversity jurisdiction in federal court may not aggregate their claims in a single action in order to meet the jurisdictional amount. *See Zahn v. International Paper Company,* 414 U.S. 291, 294–95, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Each plaintiff must individually satisfy the jurisdictional amount. *See id.* Only when such claims are common and undivided may they be aggregated. *See Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Sopena v. Colejon Corp.,* 920 F.Supp. 259, 262 (D.Puerto Rico 1996).

Plaintiffs argue that all of their independent claims are common and undivided because they are based on a single mass layoff. That is to say that because of Defendant's one act, the layoff, and because all claims hinge solely on the legality of that act, then all of Plaintiffs' claims are undivided and may be aggregated. The Court disagrees with Plaintiffs' reasoning. The instant case does not involve a single undivided right by the parties, but rather the Complaint brings together Plaintiffs' individual causes of action which arise out of common issues of fact and law resulting from the layoff. *Sopena v. Colejon Corp.,* 920 F.Supp. at 262–63 (stating that "claims of employees of the same employer have been consistently found to be separate and distinct, thus aggregation has been denied"). In cases involving common and undivided interest, when a plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased. *See Sellers v. O'Connell,* 701 F.2d 575, 579 (6th Cir.1983). Such is not the case here. Each Plaintiff alleges an individual injury that, in theory, must be proved separately, even if the injuries result from the same transaction. *See Farmers' Loan & Trust Co. v. Waterman,* 106 U.S. 265, 270, 1 S.Ct. 131, 27 L.Ed. 115 (1882); *In re Fidelity Bank Trust Fee Litigation,* 839 F.Supp. 318, 320 (E.D.Pa.1993). There-

fore, Plaintiffs' argument that their claims must be aggregated because their independent claims result from a single act by Defendant is not compelling. The Court hereby **GRANTS** P.L.'s Motion to Dismiss and hereby **DISMISSES** Plaintiff's Complaint for failing to meet the jurisdictional amount.

**SO ORDERED.**