Jim H. RIEBE, Henry Maddux, William G. Vincent, Jr., William E. Hurley, R. Michael Rigby, Power Service Products, Inc., and Lynn Ross, Jr., Trustee

v.

NATIONAL LOAN INVESTORS, L.P., Joe E. Sharp, and First Baird Bancshares, Inc.

Civ. A. No. 4:93–CV–284–Y.

United States District Court,
N.D. Texas,
Fort Worth Division.

Aug. 23, 1993.

Robert McGehee Randolph Law, Snakard & Gambill, Kleber Claude Miller Shannon, Gracey, Ratliff & Miller, Fort Worth, TX, for plaintiffs.

George Samuel Henry, Paul Raymond Clevenger, Law Offices of George S. Henry, Rodney Acker, David Brian Dyer, Kurt Wood Meaders, Jenkens & Gilchrist, Dallas, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

MEANS, District Judge.

Pending before the Court is Plaintiffs' motion to remand, filed May 5, 1993. After careful consideration of said motion, responses, replies, and the applicable law, the Court is of the opinion that it lacks subject-matter jurisdiction and the motion to remand should be GRANTED.

Plaintiffs are Texas residents who brought this action in the 43rd Judicial District Court of Parker County, Texas on March 26, 1993, asserting claims of breach of contract, tortious interference with business relations, and breach of fiduciary duty and duties of good faith and fair dealing.[1] Defendant National Loan Investors, L.P. ("NLI") is a Delaware limited partnership with its principal place of business in Oklahoma, and none of its general or limited partners are citizens of Texas. Defendants Joe E. Sharp ("Sharp") and First Baird Bancshares, Inc. ("First Baird") are Texas citizens. The defendants filed a notice of removal to this Court on April 27, 1993, claiming diversity jurisdiction exists because the two non-diverse defendants were fraudulently joined.

---

**1.** Because Plaintiffs' motion to remand addresses only the claims of breach of fiduciary duty and tortious interference with business relations, only those claims are addressed by the Court herein.

Plaintiffs are minority shareholders in Parker County Bancshares, Inc. ("Parker"), which is the holding company for First National Bank of Weatherford, Texas. NLI holds shares, as well as rights to acquire additional shares, in Parker. NLI's shares and options in Parker combine to give it the ability to sell a controlling interest in the corporation. NLI did, in fact, enter into an agreement to sell a controlling interest in Parker to defendants Sharp and First Baird. Plaintiffs' claims are based on what had been the possibility of an alternative transfer of the Parker stock, whereby Roy Evans ("Evans") would agree to purchase all of the shares in Parker, including those belonging to Plaintiffs. Plaintiffs assert that in foregoing the sale of stock to Evans, which would have included the plaintiffs' stock, NLI breached its fiduciary duty to the minority shareholders, which it purportedly has as controlling shareholder, and that Sharp and First Baird conspired with NLI to breach that duty. Plaintiffs also assert that Sharp and First Baird tortiously interfered with the business relations between Evans and the shareholders of Parker.

## I. STANDARD OF REVIEW

■ As a general rule, federal district courts must strictly construe the removal statute. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). In addition, "[b]ecause the establishment of a basis for the exercise of subject matter jurisdiction is the *sine qua non* of federal litigation," the Fifth Circuit has "consistently held that it is the party who urges jurisdiction upon the court who must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court. *Blackmore v. Rock–Tenn Co. Mill Div., Inc.*, 756 F.Supp. 288, 289 (N.D.Tex.1991).

■ The defendant moving for removal must show complete diversity, i.e. that none of the parties on opposite sides of the lawsuit are citizens of the same state. *E.g. Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir.1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Moreover, when effectuating removal, none of the defendants may be a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).

■ Although two defendants, Sharp and First Baird, and the plaintiffs are all citizens of the State of Texas, the defendants claim that Sharp and First Baird were fraudulently named as defendants in this suit solely to defeat diversity jurisdiction. Having made this allegation of fraudulent joinder, the defendants, as the removing parties, bear the burden of proving the fraud. *See Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989). This burden is indeed a heavy one. *B., Inc.*, 663 F.2d at 549. In order to prove an allegation of fraudulent joinder, a defendant must show that there is *no possibility* that the plaintiff would be able to establish a cause of action against the supposed improperly-joined defendants in state court. *Id.* (citations omitted).

■ In evaluating the claim of fraudulent joinder, the Court must first decide all disputed questions of fact and ambiguities of state law in favor of the party opposing removal. *Id.* The Court must then determine whether that party could possibly recover in state court against the party whose joinder is alleged to be fraudulent. *Laughlin*, 882 F.2d at 190. The Court need not find a substantial probability that the plaintiff will prevail on the merits, only that there is the possibility he will prevail. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 206 (5th Cir.), *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984). If there remains a possibility that a valid claim may be presented, the case would be properly cognizable only in state court. *B., Inc.*, 663 F.2d at 550. Thus, for proper removal, the defendants have the burden of showing the Court that Plaintiffs have no possibility of recovery as against Sharp and First Baird.

## II. BREACH OF FIDUCIARY DUTY AND CONSPIRACY

■ Three related questions must be answered in determining whether Plaintiffs

have a possibility of recovery against Sharp and First Baird on the claim of breach of fiduciary duty and conspiracy: First, whether NLI is a majority or controlling shareholder by virtue of its ownership of stocks and options which give it the potential to hold a majority legal interest in Parker; second, if so, whether such status implicates a fiduciary duty to minority shareholders under these facts; and third, if it does, whether defendants Sharp and First Baird conspired with NLI to breach the duty.

### A. Majority/Controlling Shareholder

 Clearly, a shareholder that owns the right to purchase enough shares in a corporation to give it a majority interest holds a power within the corporation superior to that of other minority shareholders. The resulting question is whether and to what extent such a "controlling" shareholder owes *majority-shareholder* fiduciary duties to minority shareholders. This area of the law is sufficiently ambiguous that it must be resolved in favor of the non-removing party. *See B., Inc.,* 663 F.2d at 549 (discussed *supra*).

 As noted in *Drobbin v. Nicolet Instrument Corp.,* 631 F.Supp. 860, 899 (S.D.N.Y.1986), a dominant or controlling shareholder owes a fiduciary duty to both the corporation and the minority shareholders. "Shareholders may hold a 'dominant position' although owning less than a majority of the shares; it is sufficient if their holdings give them 'working control' of the corporation." *Id.* (citing *Foster v. Arata,* 74 Nev. 143, 325 P.2d 759, 765 (1958); *Perlman v. Feldmann,* 219 F.2d 173, 174 n. 1 (2d Cir.), *cert. denied,* 349 U.S. 952, 75 S.Ct. 880, 99 L.Ed. 1277 (1955)). *Drobbin* recognizes a fiduciary duty owed by a controlling shareholder to the minority shareholders and is persuasive enough to raise the possibility that Plaintiffs

will prevail on the issue. Moreover, Defendants are unable to offer any authority indicating that such a controlling shareholder owes no fiduciary duty to minority shareholders.[2]

### B. Majority's Fiduciary Duty to Minority

 It is clear that under Texas law a majority shareholder owes a certain fiduciary duty to minority shareholders. The issue is; however, whether the duty is broad enough to cover any of NLI's conduct as it related to Parker's minority shareholders. The Court finds that the duty, albeit narrow, is sufficiently broad that there is some possibility that it encompasses NLI's conduct. *See B., Inc.,* 663 F.2d at 549 (discussed *supra*).

In *Coffee v. Permian Corp.,* 474 F.2d 1040, 1044 (5th Cir.), *cert. denied,* 412 U.S. 920, 93 S.Ct. 2736, 37 L.Ed.2d 146 (1973), the court set forth the broad proposition that majority shareholders are "under a fiduciary duty to act in the best interest of the minority shareholders." However, this must be construed as overbroad dictum, lest there be an absurd result. In his concurrence and dissent in *Coffee,* Judge Clark cites the example of a majority shareholder who should not be precluded from collecting a valid debt owed by the corporation, although it would obviously be in the best interest of the minority shareholders for him to forgo the collection. *See id.* at 1045. Thus, "[w]hile a majority shareholder's dealings with a corporation are subject to rigorous scrutiny for basic fairness, an inherently fair transaction should be upheld even though it not be in the best interest of the minority." *Id.*

Another Texas case involved a possible breach of the fiduciary duty owed by the majority to the minority, where the majority apparently made a secret agreement to sell controlling shares of the corporation without

---

2. Defendants Sharp and First Baird disingenuously suggest that ample authority exists supporting their position. "As a minority shareholder of NLI [Defendants mean Parker] with rights to acquire additional shares, NLI does not owe the other shareholder a fiduciary duty." (Resp. of Defs. Sharp and First Baird to Pls. Mot. to Remand at 19.) To support this proposition, the defendants cite, with no signal (thus indicating that the case clearly states the proposition), *Priddy v. Edelman,* 883 F.2d 438, 445 (6th Cir.1989). However, *Priddy* does not even slightly, much less directly, relate to a minority shareholder with rights to acquire additional shares. That Defendants' parenthetical to the case subsequently states that a minority shareholder does not owe a fiduciary duty to another minority shareholder is of little consolation. The Defendants offer three additional cases that are equally inapplicable or misleading or both.

giving notice to the minority and giving them neither the right of first refusal nor any participation whatever in the transaction. *See Thompson v. Hambrick,* 508 S.W.2d 949, 954 (Tex.Civ.App.–Dallas 1974, writ ref'd n.r.e.) (trial court's issuance of summary judgment reversed because material issue of fact remained). The *Thompson* court held that:

> [t]he right of control is ordinarily inherent in ownership or control of a majority of the stock, and if a purchaser pays a premium; i.e. a price greater than the fair value of the stock, merely for the right of control as an investment, with no foreseeable looting and no appropriation or frustration of a corporate business opportunity, and no inherent unfairness to the minority shareholders, it is our view that the minority stockholders have no right to share in such premium unless the said written agreement should be interpreted to give them such a right.

*See id.* at 952–953. If denying minority shareholders the benefits of the majority's sale of the controlling stock at a premium does not breach a fiduciary duty to the minority, then, *a fortiori,* the mere exclusion of the minority from a sale where the majority did not even obtain a premium does not breach a fiduciary duty.

However, both the above-quoted *Thompson* holding and Judge Clark's opinion in *Coffee* suggest that when a majority shareholder sells controlling shares of a corporation, a duty of "inherent fairness" is owed in relation to minority shareholders. *See Thompson,* 508 S.W.2d at 953; *Coffee,* 474 F.2d at 1045 (Clark, J., concurring in part and dissenting in part); *cf. Dower v. Mosser Indus. Inc.,* 648 F.2d 183, 189–90 (3d Cir. 1981) (under Pennsylvania law, standard for measuring majority's fiduciary duty to minority in merger context is fundamental fairness); *Valley Nat'l Bank of Ariz. v. Trustee for Westgate–Cal. Corp.,* 609 F.2d 1274, 1280–81 (9th Cir.1979) (under California law, majority has fiduciary duty of good faith and inherent fairness to minority in merger context), *cert. denied,* 444 U.S. 1015, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980). Thus, the Court finds that the law is sufficiently developed in

this area for the Court to conclude that NLI may have breached an existing fiduciary duty under the facts in this case.

Fact issues must also be resolved in favor of the non-removing party. In the instant case, a fact issue exists as to whether NLI's conduct, and its collaboration with Sharp, could be considered inherently unfair to the minority shareholders. A letter from Sharp to William E. Hurley ("Hurley"), president of Parker, indicates that Sharp may have tried to lead Hurley to believe that he was interested in all of Parker's shares, including the minority shares, in an effort to facilitate a due diligence evaluation of the company's worth. (Sharp Deposition Tr. at 58–62.) Evidence also exists that Sharp and NLI worked together to mislead Hurley. *Id.* Thus, the Court cannot say that there is "no possibility" that NLI breached a fiduciary duty to the minority shareholders.

### C. Conspiracy

As indicated above, Plaintiffs have presented evidence that Sharp, acting on behalf of First Baird, and NLI conspired to mislead Hurley to facilitate the sale of NLI's 50.3% share of Parker to First Baird. A third party can be liable for knowingly participating in the breach of a fiduciary duty. *Horton v. Robinson,* 776 S.W.2d 260, 266 (Tex.App.–El Paso 1989), citing *Kinzbach Tool Co., Inc. v. Corbett–Wallace Corp.,* 138 Tex. 565, 160 S.W.2d 509 (1942); *Kirby v. Cruce,* 688 S.W.2d 161 (Tex.App.–Dallas 1985, writ ref'd n.r.e.) Sharp testified that he worked with Neil Steimer, a representative of NLI, to prepare the letter to Hurley indicating an interest in obtaining "the minority shares" of Parker, in an effort to facilitate due diligence of the company. (Sharp Deposition Tr. at 58–62.) This, in addition to the other evidence presented, lead this Court to conclude that a trier of fact could determine that NLI and First Baird conspired to mislead Hurley, to the detriment of the minority shareholders.

### III. CONCLUSION

By deciding that Defendants Sharp and First Baird were not fraudulently joined to defeat diversity jurisdiction, this Court loses

458

jurisdiction over the controversy. Thus, the Court need not decide whether Plaintiffs have a valid claim for tortious interference with business relations against Defendants.

As to the breach of fiduciary duty and conspiracy claims, the Court must reiterate that this opinion and order does not pass upon the merits of Plaintiffs' case against Sharp and First Baird. Rather, the Court finds that the defendants have not carried their burden of showing that "there is *no possibility* that the plaintiff[s] would be able to establish a cause of action against the in-state defendant[s] in state court." *See B., Inc.,* 663 F.2d at 545.

It is, therefore, ORDERED that Plaintiffs motion to remand the above-styled and numbered cause is GRANTED.

SO ORDERED.