**Carlos CARTEGENA, Plaintiff,**

v.

**CONTINENTAL AIRLINES, INCORPORATED, Defendant.**

**No. Civ.A. H–97–2516.**

United States District Court, S.D. Texas, Houston Division.

Sept. 24, 1997.

George M. Fleming, Fleming, Hovenkamp & Grayson, Houston, TX, for Plaintiff.

James H. Barker, Giessel, Barker & Lyman, Houston, TX, for Defendant.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

Plaintiff Carlos Cartegena has moved for remand of this action pursuant to 28 U.S.C. § 1447(c). Defendant Continental Airlines, Incorporated opposes, arguing that the Federal Aviation Act of 1958 implicitly preempts Plaintiff's claims.

## BACKGROUND FACTS

Plaintiff was a passenger aboard Continental Flight No. 267, a direct flight from Newark, New Jersey to San Juan, Puerto Rico, on June 25, 1995. While the aircraft was enroute to Puerto Rico, the flight encountered severe weather conditions allegedly causing 23 of its 257 passengers to sustain a multitude of injuries. Plaintiff claims he sustained serious injuries during this flight. Specifically, Plaintiff claims he was rendered unconscious and suffered debilitating injuries to his head, neck and spine, such as herniated discs at C4–C5 and C5–C6, as well as spinal cord compression, allegedly resulting

in neck pain, numbness and frequent headaches.

Defendant owns and operates the aircraft on which Plaintiff traveled on June 25, 1995. Plaintiff's pertinent allegations are as follows:

At all pertinent times, Defendant, as a common carrier, was under a continuous duty to provide a high degree of care for the safety of all its passengers. The following acts and omissions of Defendant constitute a breach of their duty in the following manners:

1. failure to exercise due care in the maintaining a safe flight path so as to avoid dangerous weather conditions;

2. failure to exercise due care in requiring and supervising the passengers to wear seat belts;

3. failure to properly control the aircraft in a safe manner;

4. failure to exercise due care in observing and supervising the passengers on board the flight;

5. failure to recognize that Plaintiff was seriously injured and provide proper medical attention and assistance upon disembarking from the aircraft.

As a direct and proximate result of the negligent acts stated in items 1–4 above, Plaintiff was catapulted from his seat causing Plaintiff's head to strike the luggage compartment directly above his seat. As a direct and proximate result of the blow to his head, Plaintiff was injured. Plaintiff's injuries were aggravated by the negligent acts stated in item 5 above. All acts stated above constitute a conscious disregard for Plaintiff's safety.

Plaintiff filed this lawsuit against Defendant in the 190th District Court of Harris County, Texas, as Case No. 97–32964. On July 25, 1997, Defendant timely filed a Notice of Removal pursuant to 28 U.S.C. § 1446(d), arguing that diversity jurisdiction under 28 U.S.C. § 1332(a)(1) supported jurisdiction. Defendant, citing *City of Burbank v. Lockheed Air Terminal, Inc.,* 411 U.S. 624, 93

S.Ct. 1854, 36 L.Ed.2d 547 (1973), also argued that the Federal Aviation Act of 1958 ("FAA"), as amended in 1978 (Airline Deregulation Act ("ADA")), implicitly preempts state law claims governing flight operations and air safety. 49 U.S.C. § 1301 *et seq.,* amended as 49 App. U.S.C. § 1301 *et seq.,* and later repealed by Pub.L. 103–272, § 7(b), July 5, 1994, 108 Stat. 1379.

Although not referenced by the parties, the ADA was again amended in 1994 by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), and codified as 49 U.S.C. § 40101 *et seq.* Pub.L. 103–272, § 1(e), July 5, 1994, 108 Stat. 1143, and amended again Pub.L. 103–305, Title VI, § 601(b)(1), (2)(A), Aug. 23, 1994, 108 Stat. 1605, 1606.

Plaintiff has filed his motion and brief in support thereof seeking remand under 28 U.S.C. § 1447(c). Plaintiff argues that (i) diversity jurisdiction does not support removal because Defendant is a resident of this federal court's forum state, and (ii) the "Federal Aviation Act of 1958" does not preempt Plaintiff's tort cause of action. The Court agrees with Plaintiff's arguments, although the applicable statutes are different from the ones cited by the parties.

## DISCUSSION

### I. *Diversity Jurisdiction.*

■ It is clear that there is diversity of citizenship between the parties, since Plaintiff is a citizen of New Jersey and, according to Defendant's Notice of Removal, Defendant is a citizen of Texas. *See* Doc. # 1. However, "even if complete diversity does exist, the case may not be removed from state to federal court if any defendant is a citizen of the state in which the action is brought." *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1258 (5th Cir.1988); *Riebe v. Nat'l Loan Investors, L.P.,* 828 F.Supp. 453, 455 (N.D.Tex.1993); *Dollar v. General Motors Corp.,* 814 F.Supp. 538, 543 (E.D.Tex. 1993).[1] Since Defendant is a citizen of Texas, the state in which this Court sits, Defen-

1. The removal statutes provide that any other such action shall be removable only if none of the parties in interest properly joined and served

as defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b).

dant may not base removal jurisdiction on the diversity of citizenship of the parties. Therefore, there is no diversity jurisdiction in this case.

## II. *Preemption.*

Defendant argues that "Plaintiff's claims relate to airline operations, flight safety, and standards of care. For these reasons, ... Plaintiff's claims are implicitly preempted by federal law and thus, fit the exception to the general rule. Therefore, this Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1441(b) ." Defendant's Response and Brief in Opposition to Plaintiff's Motion to Remand, at 2; *id.* at 9. Defendant has failed to correctly interpret the applicable authorities.

*General Removal Principles.—* The Fifth Circuit in *Sam L. Majors Jewelers v. ABX, Inc.* recently set forth concisely the salient principles on removal jurisdiction in cases involving the statutes regulating airlines that Defendant contends are involved in this case. Generally,

> [f]ederal jurisdiction exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.* at 392, 107 S.Ct. at 2429. The existence of a defense based upon federal law is insufficient to support jurisdiction. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8–12, 103 S.Ct. 2841, 2845–47, 77 L.Ed.2d 420.

*Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922, 924 (5th Cir.1997) (holding no preemption in cases claiming losses of property shipped on airlines, but holding that the federal common law supported federal court jurisdiction). The Court of Appeals went on to explain, however, that:

> There are three theories that might support federal question jurisdiction in a case such as this one. First, jurisdiction may be found when the complaint raises art express or implied cause of action that exists under a federal statute. Second, jurisdiction will lie if an area of law is completely preempted by the federal regulatory regime. Finally, if the cause of

action arises under federal common law principles, jurisdiction may be asserted.

\*　　\*　　\*　　\*　　\*　　\*

Although a preemption defense will not support jurisdiction, in exceptional circumstances courts may find that a federal regulatory regime is so extensive and comprehensive that it is possible to infer that Congress intended any related cause of action to be governed under federal law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987); *Aaron v. National Union Fire Ins. Co. of Pittsburg,* 876 F.2d 1157 (5th Cir.1989) (discussing at length the complete preemption doctrine).

This "complete preemption" occurs only when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal courts. *See Metropolitan Life,* 481 U.S. at 65–66, 107 S.Ct. at 1547–48. Unless Congress clearly manifests an intention to transfer jurisdiction to federal courts, there is no basis for invoking federal judicial power. *See Malone v. White Motor Corp.,* 435 U.S. 497, 504, 98 S.Ct. 1185, 1189–90, 55 L.Ed.2d 443 (1978); *Stamps v. Collagen Corp.,* 984 F.2d 1416, 1420 (5th Cir.), *cert. denied,* 510 U.S. 824, 114 S.Ct. 86, 126 L.Ed.2d 54 (1993).

*ABX, Inc.,* 117 F.3d at 924–25.

*Federal Aviation Administration Authorization Act.—* Defendant argues that the case before the Court relates to "flight operations" and that therefore the claims are preempted. This argument is patently incorrect. *See Hodges v. Delta Airlines, Inc.,* 44 F.3d 334, 335–36 (5th Cir.1995) (en banc).

The issue before the Court is whether Plaintiff's claims in tort involve questions about the "operation" or "maintenance" of the aircraft, in which case there is no preemption, or the claims relate to "rates, routes or services" of Defendant, in which event, the claims are preempted. The Court holds that it lacks subject matter jurisdiction following the reasoning set forth in *Hodges,* 44 F.3d at 336–39, interpreting the FAA, the predecessor to the current airline regulatory laws, the

FAAAA, and concluding that plaintiff Hodges' claims involved the operation and maintenance of the aircraft. In *Hodges v. Delta Airlines, Inc.*, Judge Edith Jones, speaking for the Fifth Circuit *en banc* squarely held that under § 1305(a)(1) of the Airline Deregulation Act of 1978, 44 F.3d 334, 335 (5th Cir.1995) (en banc), the breadth of the express preemption of state law embodied in § 1305(a)(1), which preempts the states from enforcing any law relating to rates, routes or services of any carrier, does not reach claims for personal injury occurring during flights on airplanes.[2] Thus, the *Hodges* Court held that federal preemption of state laws by the FAA provision "related to services" of an air carrier does not displace state tort actions for personal physical injuries or property damage caused by the operation and maintenance of aircraft. *Hodges*, 44 F.3d at 336.[3]

In 1994, Congress amended the ADA and enacted a new preemption provision codified at 49 U.S.C. § 41713, which provides in pertinent part:

> **(b) Preemption.—** (1) Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route or service of an air carrier that may provided air transportation under this subpart.

This provision is the same as in the ADA, 49 App. U.S.C. § 1305(a)(1). When claims relate to "rates, routes or services," the claims are preempted. 49 U.S.C. § 41713, formerly 49 App. U.S.C. § 1305(a)(1); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383, 112 S.Ct. 2031, 2036–37, 119 L.Ed.2d 157 (1992); *Hodges*, 44 F.3d at 336.[4] Under the FAAAA, just as under the ADA, however, if the claim relates to "operation" or "maintenance" of the aircraft, then there is no preemption. 49 U.S.C. § 41112, formerly 49 App. U.S.C. § 1371(q); *Hodges*, 44 F.3d at 335–36. *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 518, 112 S.Ct. 2608, 2618, 120 L.Ed.2d 407 (1992) (applying "presumption against the preemption of state police powers").[5] A review of the statutory language reveals that the terms "routes" or

---

**2.** The Court referred to the definition of "services" as "a bargained-for or anticipated provision of labor from one party to another." *Hodges*, 44 F.3d at 336, quoting *Hodges v. Delta Airlines, Inc.*, 4 F.3d 350, 354 (5th Cir.1993) (adopting the definition it concluded was inferentially used by the Supreme Court's decision in *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 226, 115 S.Ct. 817, 823, 130 L.Ed.2d 715 (1995) (describing claims concerning American Airlines' frequent flyer program as related to rates and "services," *i.e.*, access to flights in class-of-service upgrades ...)).

**3.** This holding was reaffirmed by the Fifth Circuit recently in passing when that Court held that federal courts have jurisdiction over suits for property damage, but reached this conclusion holding that such claims are not preempted, but are within the federal common law. *Sam L. Major's Jewelers v. ABX, Inc.*, 117 F.3d at 925–28. Moreover, the Fifth Circuit, in holding that claims for money damages for alleged retaliation under the former Texas Workers Compensation Act, Tex.Civ.St.Ann. Art. 8307c (Vernon Supp. 1993), repealed by Acts 1993, 73rd Leg., ch. 269, § 5(1), eff. Sept. 1, 1993, are not preempted, stated

> In *Morales*, the Court found that the ADA preempted states' efforts use their consumer protection statutes to prohibit allegedly deceptive airline fare advertisements because this use of the state statutes related to airline fares. However, the Court cautioned that the pre-emptive sweep of section 1305(a)(1) was not infinite: "'[S]ome state actions may affect [airline fares] in too tenuous, remote, or peripheral a manner' to have pre-emptive effect." *Id.* at—, 112 S.Ct. at 2040 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983)). Following the Supreme Court's cautionary note in *Morales*, we can safely conclude that the Aviation Act does not pre-empt a claim for money damages under article 8307c. Any effect that such a claim may have on American's services is far too remote to trigger pre-emption.

*Anderson v. American Airlines, Inc.*, 2 F.3d 590, 597 (5th Cir.1993).

**4.** Section 1305(a)(1) provided in part that "no state ... shall enact or enforce any law ... relating to rates, routes or services of any air carrier." 49 U.S.C. § 1305(a)(1). The statute did not identify what "relating to ... routes or services" means. Nor did it define these terms. The Supreme Court interpreted the words of § 1305(a)(1) according to their ordinary meanings and found that "relating to" means a "connection with or reference to." *Morales*, 504 U.S. at 383–85, 112 S.Ct. at 2036–37 (internal quotation marks omitted).

**5.** In *Hodges*, the Fifth Circuit stated that:
> Air carriers are required to maintain insurance or self-insurance as prescribed by the Federal

"services" could not have meant the same as "operation" or "maintenance" of an aircraft, since the latter two terms are used in the statute for purposes distinct from the former. Section 41112(a), and its predecessor § 1371(q)(1), required each air carrier to maintain insurance to cover "amounts for which ... such air carrier may become liable for bodily injuries to or the death of any person, or for loss or damage to properties of others, resulting from the operation or maintenance of aircraft." 49 U.S.C. § 41112(a), replacing 49 U.S.C.App. § 1371(q)(1) (emphasis added).[6] Therefore, the terms "routes" or "services" in § 41713 (former § 1305(a)(1)) cannot include operation or maintenance of an aircraft and still give meaning to § 41112, former § 1371(q)(1).

Therefore, whether Defendant's argument that Plaintiff's claims related to "flight operation" is taken literally, or its argument is construed to mean that Plaintiff's claims relate to "routes or service" of the aircraft, Defendant's contentions are without merit. The Court concludes that the claims asserted by Plaintiff relate to the operation of Defendant's aircraft, and not to the routes or service of the plane, and therefore, there is no federal question jurisdiction over Plaintiff's personal injury claims occurring during flight on Defendant's aircraft[7] Defendant's removal was improper.

**Attorneys' Fees.—** The Court declines to award Plaintiff his attorneys' fees. While Defendant had no basis for the removal of this case, Plaintiff failed to cite the Court to the applicable statutes or cases. No fees shall be recovered by either party in connection with the removal and remand of this action.

## CONCLUSION

This Court lacks subject matter jurisdiction over this removed action and the case must be remanded. It is therefore

**ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. This case is remanded to the 190th District Court of Harris County, Texas. It is further

**ORDERED** that Plaintiff's Request for Attorneys' Fees is **DENIED**.

Aviation Administration that covers "amounts for which ... air carriers may become liable for bodily injuries to or the death of any person, or for loss of or damage to property of others, resulting from the operation or maintenance ..." 49 U.S.C.App. § 1371(q) (1994); *see also,* 14 C.F.R. § 205.5(a) (1992) (insurance regs.). The importance of § 1371(q) cannot be understated, for it can only be understood to qualify the scope of "services" removed from state regulation by § 1305(a)(1). A complete preemption of state law in this area would have rendered any requirement of insurance coverage nugatory. Significantly, too, neither the ADA nor its legislative history indicates that Congress intended *to displace the application of state tort law to* personal physical injury inflicted by aircraft operations, or that Congress even considered such preemption. *See American Airlines v. Wolens,* 513 U.S. at 230 n. 7, 115 S.Ct. at 825 n. 7 (American Airlines and United States, as *amicus curiae,* agree it is unlikely that safety-related personal injury claims arising from airplane operations are preempted.)

*Hodges,* 44 F.3d at 338. The Fifth Circuit reported further that "the Seventh Circuit noted that '[s]tate courts award damages every day in air crash cases, notwithstanding that federal law preempts the regulation of safety in air travel,'

confidently adding that '[t]he Federal Aviation Act does not expressly preempt state damages remedies.' *Bieneman v. City of Chicago,* 864 F.2d 463, 471 (7th Cir.1988)." *Id.* at 338 n. 10.

6. In the FAAAA, this provision appears at 49 U.S.C. § 41112(a), which provides:

Liability insurance and financial responsibility **(a) Liability insurance.—** The Secretary of Transportation may issue a certificate to a citizen of the United States to provide air transportation as an air carrier under section 41102 of this title only if the citizen complies with regulations and orders of the Secretary governing the filing of an insurance policy or self-insurance plan approved by the Secretary. The policy or plan must be sufficient to pay, not more than the amount of the insurance, for bodily injury to, or death of, an individual or for loss of, or damage to, property of others, resulting from the operation or maintenance of the aircraft under the certificate. A certificate does not remain in effect unless the carrier complies with this subsection.

7. Moreover, there is no state law relating to "rates, routes or services" that Plaintiff seeks to enforce through his suit. Thus, there is no preemption. *See Hodges,* 44 F.3d at 340–41 (Jolly, J., concurring).