NOLLA, GALIB & CÍA., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE HUMACAO, HON. JOSÉ DÁVILA ORTIZ, JUEZ, recurrido; GERÓNIMO LEBRÓN ET AL., interventores.

*Número:* C-64-55    *Resuelto:* 14 de junio de 1966

*Jorge Souss* y *Federico Rodríguez Pagán,* abogados de la peticionaria; *Emilio Rodríguez Colón* y *José Aulet,* abogados de los interventores.

Sala Segunda integrada por su Presidente el Juez Asociado Señor Belaval y los Jueces Asociados Señores Hernández Matos, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Desde el mes de enero de 1958 hasta el mes de enero de 1961, los interventores, como obreros y empleados de la industria de la construcción, trabajaron para la peticionaria, una contratista, en la construcción de diversas edificaciones en la base naval Roosevelt Roads de Ceiba, Puerto Rico, para el Gobierno de los Estados Unidos de América. Alegando que la peticionaria no le había satisfecho la totalidad de los salarios a que tenían derecho, los interventores radicaron contra la peticionaria en la Sala de Humacao del Tribunal Superior de Puerto Rico una querella de acuerdo con el procedimiento especial establecido para tales reclamaciones.

Contra dicha querella, Nolla, Galib & Cía. presentaron una moción de desestimación, en la cual, exponen: "(1) De acuerdo a las alegaciones que obran en autos, los reclamantes trabajaron para la querellada en la construcción de ciertas obras en la base naval de Roosevelt Roads, mediante contrato entre la querellada y el Gobierno de los Estados Unidos. (2) De un estudio cuidadoso realizado por los abogados de la querellada sobre los distintos factores que rodearon la adquisición por parte del Gobierno de los Estados Unidos de los terrenos donde ubica la base naval de Roosevelt Roads, la querellada ha llegado al convencimiento de que este Honorable Tribunal carece de jurisdicción sobre esta controversia, habida cuenta de que los terrenos sobre los cuales radica la referida instalación naval están actualmente y estaban durante las fechas a que se contrae la querella, bajo la jurisdicción exclusiva del Gobierno de los Estados Unidos de América. (3) La adquisición de jurisdicción exclusiva sobre los terrenos donde ubica la base naval de Roosevelt Roads por el Gobierno de los Estados Unidos de América no sólo priva a este Honorable Tribunal de jurisdicción sobre este caso, sino

que también excluye al Gobierno del Estado Libre Asociado de Puerto Rico y a su predecesor, el Gobierno de Puerto Rico, al cual excluyó, como cuestión de derecho, de jurisdicción territorial sobre los terrenos de la referida instalación naval, resultando todo ello en la inaplicabilidad absoluta de toda legislación local a los trabajos realizados por la querellada en Roosevelt Roads durante el período a que se contrae la querella. (4) La querellada representa que ha llegado al convencimiento de la procedencia de esta moción en el día de hoy, motivo por el cual no se había levantado antes la cuestión de jurisdicción que por el presente se insta por primera vez en este pleito; y que representa además la querellada que se radica esta moción de buena fe, y no con el propósito de retardar o entorpecer los procedimientos en este caso."

La ilustrada Sala sentenciadora declaró sin lugar la moción de desestimación e hizo bien. Se trata de obreros y empleados que trabajan en una base naval de Estados Unidos de América, contratados por un constructor de obras federales. Como tales obreros y empleados de una base naval o instalación militar, están cubiertos, en primer término, por la Ley de Normas Razonables de Trabajo de 1938 del Congreso de los Estados Unidos de América, por considerarse dedicados al comercio interestatal: *Powell* v. *United States Cartridge Co.*, 339 U.S. 497, 94 L.Ed. 1017 (Burton) (1950), cita precisa a las págs. 509–514 U.S.; 1032–1035 L.Ed; *Mitchell* v. *Lublin McGaughy & Associates*, 358 U.S. 207, 3 L.Ed.2d 243 (Warren) (1959), cita precisa a las págs. 213 U.S.; 248 L.Ed.; *Goldberg* v. *Nolla, Galib & Cía.*, 291 F.2d 371 (Magruder) (1961), cita precisa a la pág. 373; *Wirtz* v. *R. E. Lee Electric Company*, 339 F.2d 686 (Boreman) (1964), cita precisa a la pág. 689; en segundo término, por las leyes locales en todo aquello que les resulte más beneficioso que las disposiciones de la Ley de Normas Razonables de Trabajo de 1938 del Congreso de los Estados Unidos de América.

En cuanto al Tribunal con jurisdicción para entender en la acción, basta recordar que la Sec. 216 de la Ley de Normas Razonables de Trabajo de 1938 le da autoridad a cualesquier cortes de jurisdicción competente lo mismo estatales que federales: Sec. 216, 29 U.S.C.A., pág. 262, para conocer de la acción, *Arthur Goettel et al.* v. *Glenn Berry Mfrs. Inc.*, 236 F.Supp. 884 (Daugherty) (1964), cita precisa a la pág. 884.

*Se anula el auto expedido y se devuelve el caso a la Sala de Humacao del Tribunal Superior de Puerto Rico para que proceda a continuar los procedimientos en la forma usual.*